UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK
_____

UNITED STATES OF AMERICA

vs.                                                     5:05-CR-0433 (NAM)

ROBERT J. ORMSBEE,

                Defendant.
_____



APPEARANCES:                                            OF COUNSEL:

HON. GLENN T. SUDDABY                                   RICHARD R. SOUTHWICK, ESQ.
United States Attorney for the                          Assistant United States Attorney
   Northern District of New York
Counsel for United States of America
100 South Clinton Street
Syracuse, NY 13260

HON. ALEX T. BUNIN                                      LISA A. PEEBLES, ESQ.
Federal Public Defender for the                         Assistant Federal Public Defender
   Northern District of New York
4 Clinton Square
Syracuse, NY 13202

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

### REPORT-RECOMMENDATION

District Judge Norman A. Mordue referred this matter to me to conduct any proceedings necessary to determine the competency of Defendant pursuant to 18 U.S.C. §§ 4241 and 4247, and thereafter to issue a report-recommendation to him.

### PROCEEDINGS

Following a motion by Government counsel for a competency hearing (Dkt. No. 6), I found that there was "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is

unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Accordingly, on November 3, 2005, I ordered that Defendant was to undergo a psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and (c). (Dkt. No. 7.)

Between November 14, 2005, and December 29, 2005, that examination was conducted by the staff at the Federal Medical Center, in Devens, Massachusetts ("FMC Devens"). On January 13, 2006, Dr. Christine Scronce, Ph.D., a forensic psychologist at FMC Devens, completed a nine-page single-spaced forensic report describing the examination and her conclusions, as requested by my Order of November 3, 2005. On January 24, 2006, the Court received that report and promptly made it available to Government counsel and defense counsel. Because of the sensitive nature of the medical information contained in that report, it has been filed under seal. (Dkt. No. 8.)

At the end of the report, Dr. Scronce concluded, among other things, that Defendant "does not presently suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense." (*Id.* at 9.) This conclusion was based on (1) observations by both clinical and correctional staff at FMC Devens during Defendant's stay there, (2) a physical examination of Defendant, including laboratory studies, (3) multiple psychiatric consultations with Defendant, (4) multiple clinical interviews of Defendant by Dr. Scronce, and (5) Defendant's responses to the Minnesota Multiphasic Personality Inventory-2 psychological test. (*Id.* at 2.) Having concluded that an adequate psychological examination of Defendant had been performed, I scheduled a competency

hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d). On February 2, 2006, that hearing was held. At the hearing, I heard from Government counsel, defense counsel, and Defendant.

**FINDINGS**

Based upon Dr. Scronce's report, and my personal observations of Defendant, I find that Defendant does not suffer from either a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. It is noteworthy that, at the hearing, Government counsel, defense counsel, and Defendant agreed with this finding.

**ACCORDINGLY**, it is

**RECOMMENDED** that the District Court should find that Defendant is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 7, 2006
       Syracuse, New York

George H. Lowe
United States Magistrate Judge